IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RANDALL E. HARMON,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner,
Social security Administration,

    Defendant.

Case No. 6:12-cv-00365-TC

OPINION AND ORDER

    DREW L. JOHNSON, P.C.
    KATHRYN TASSINARI
    1700 Valley River Drive
    Eugene, OR  97401

        Attorneys for Plaintiff

    S. AMANDA MARSHALL
    United States Attorney
    ADRIAN L. BROWN
    Assistant United States Attorney
    1000 SW Third Avenue, Suite 600
    Portland, OR  97201

    GERALD J. HILL
    Special Assistant United States Attorney
    Officer of the General Counsel
    Social Security Administration
    701 Fifth Avenue, Suite 2900 M/S 221A
    Seattle, WA  98104

        Attorneys for Defendant

1 - OPINION AND ORDER -

COFFIN, Judge.

Plaintiff seeks review of the Social Security Commissioner's (the "Commissioner") final decision denying plaintiff's application for disability insurance benefits (DIB) under Title II of the Social Security Act.[1]

Plaintiff was 35 at the time of the hearing, and alleges that the onset date of disability was March 8, 2007. Plaintiff was insured through September 30, 2013.

Plaintiff had a history of special education, acadamic underperformance, and graduated with a modified diploma. Plaintiff had previously received SSA benefits for several years until his father got him a job. Plaintiff worked as a cleaner for his father at Heritage Mall, then as a courtesy clerk for Walmart. Plaintiff was last employed as a courtesy clerk at Safeway.

The ALJ performed the five-step sequential process and found that plaintiff was not disabled. At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, the ALJ found that plaintiff had the following severe impairments: borderline intellectual functioning ("BIF"), alcohol abuse, and history of seizure.

At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that meets or medically

---

[1] The parties have consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636.

2 - OPINION AND ORDER -

equals one of the listed impairments; specifically, the ALJ found, *inter alia*, that plaintiff did not meet the "paragraph C" criteria of listing 12.05 "because [plaintiff] does not have a valid, verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function. The record does not reflect that [plaintiff's] substance abuse disorder and history of seizure impose any significant work-related limitations." Tr. 15. The ALJ found at step four that Plaintiff was able to perform past relevant work as a housekeeper/cleaner.

Plaintiff argues the ALJ erred in failing to include a cognitive disorder as a severe impairment at step two of the sequential analysis and further erred in failing to find him presumptively disabled at step three under Listing 12.05C based on subaverage intellectual functioning and a cognitive disorder.[2]

Douglas A. Smyth, Ph.D., conducted a neuropsychological examination of plaintiff in conjunction with plaintiff's claim. Dr. Smyth concluded that plaintiff suffers from Cognitive Disorder NOS, in addition to deficits in intellectual functioning. Dr. Smyth reported "[t]hough he denied problems with memory, [plaintiff] presented with credible test scores suggestive of

---

[2] Plaintiff advances additional arguments which the court need not address because the two arguments set forth prove dispositive of plaintiff's claim.

3 - OPINION AND ORDER -

deficits in visual memory and deficits in visuo-spatial processing." Tr. 349. Dr. Smyth found that plaintiff's visual working memory was particularly deficient. *Id.* Dr. Smyth also described plaintiff's general intellectual functioning as being in the "extremely low range" and at the 1st percentile as compared to his chronological peers. Tr. 347. Dr. Smyth's report indicates plaintiff's visual working memory score was at the 1st percentile or lower, and his composite score for working memory was only at the 2nd percentile. Tr. 347, 354, 359.

The ALJ mentioned Dr. Smyth's dagnosis of a cognitive disorder, but did not include it as a severe impairment, nor did she acknowledge his findings of deficits in visuo-spatial processing and visual memory. Tr. 19. Instead, the ALJ noted "Dr. Smyth assessed no impairment in the ability to carry out simple instructions, and moderate difficulty making complex decisions." Tr. 19.

The deficits identified by Dr. Smyth are consistent with lay evidence. Plaintiff's father testified that, even after working at his maintenance job for three years, plaintiff was unable to learn how to operate the floor scrubbers, and that it was necessary for him to be partnered with another employee. Tr. 49. As his father described, "you had to pretty much follow him around and show him" because "he just couldn't catch onto things very easily." *Id.*

4 - OPINION AND ORDER -

Plaintiff's wife provided evidence that she tried to teach plaintiff to cook, but he has a hard time understanding. Tr. 158. She wrote that she pays the bills and helps plaintiff to count change, and that plaintiff does not have a bank account. Tr. 158-59. According to her, plaintiff has a hard time understanding "even the simplest things," and cannot follow written instructions unless she re-writes them for him. Tr. 161-62.

Plaintiff's cognitive impairment has more than a minimal effect on his ability to work; it is a significant, limiting condition, particularly when combined with his low intellectual functioning. Accordingly, the ALJ erred in failing to include plaintiff's cognitive disorder at step two of the sequential analysis.

To be presumptively disabled under Listing 12.05C, a claimant is required to demonstrate: (1) significantly subaverage general intellectual functioning with deficits in adaptive functioning with an onset before age 22; (2) a valid verbal, performance, or full scale IQ of 60 to 70; and (3) a physical or other mental impairment imposing an additional and significant work-related limitation of function. *See Pedro v. Astrue*, 849 F.Supp.2d 1006, 1011 (D.Or. 2011) (citing Listing 12.05C).

The Commissioner first argues that in order to meet the criteria for Listing 12.05, plaintiff must receive a diagnosis of mental retardation. The court disagrees. Although the Ninth

5 - OPINION AND ORDER -

Circuit has not yet ruled on this precise issue, the Eighth Circuit and several district courts within the Ninth Circuit, including the District of Oregon, have determined that a formal diagnosis of mental retardation is not required. See Maresh v. Barnhart, 438 F.3d 897, 899 (8th Cir. 2006); Stokes v. Astrue, 2011 WL 285224, *8-9 (D. Or. Jan. 4), adopted by 2011 WL 284433 (D. Or. Jan. 24, 2011); Frazier v. Astrue, 2010 WL 3910331, *4 (E.D. Wash. Oct.4, 2010); Miller v. Astrue, 2010 WL 3824079, *3 (D. Or. Sept. 23, 2010); Gomez v. Astrue, 695 F.Supp.2d 1049, 1057-58 (C.D. Cal. 2010); Applestein-Chakiris v. Astrue, 2009 WL 2406358, *8 (S.D. Cal. Aug. 5, 2009); see also 20 C.F.R. § 404, Subpt. P, App. 1, 12.00A ("[t]he structure of the listing for mental retardation (12.05) is different from that of other mental disorders listings . . . [it] contains an introductory paragraph with the diagnostic description for mental retardation [as well as] four sets of criteria . . . . If your impairment satisfies the diagnostic description in the introductory-paragraph and any one of the four sets of criteria, we will find that your impairment meets the listing"). Therefore, consistent with these courts and the listings themselves, this Court rejects the Commissioner's assertion.

The commissioner further argues that, even if plaintiff showed he had mental retardation, plaintiff makes no showing that the cognitive disorder diagnosed by Dr. Smyth imposes additional and significant work-related limitations of function as required

6 - OPINION AND ORDER -

to meet the criteria of section 12.05C. As discussed above, however, plaintiff's limitations in visual memory and visuo-spatial processing caused significant work-related limitation.

Substantial evidence in the record indicates plaintiff's mental impairment meets all of the criteria of Listing 12.05C. The record lacks substantial evidence to support the ALJ's contrary conclusion. The ALJ should, therefore, have found plaintiff disabled at step three of the sequential evaluation process. *See* 20 C.F.R. § 416.920(d) (claimant whose impairments meet or equal a listed impairment will be found "disabled without considering [the claimant's] age, education, and work experience"); *Sullivan v. Zebley*, 493 U.S. 521, 532-33 (1990) ("the listings were designed to operate as a presumption of disability that makes further inquiry unnecessary. That is, if an adult is not actually working and his impairment matches or is equivalent to a listed impairment, he is presumed unable to work and is awarded benefits without a determination whether he actually can perform his own prior work or other work"); *Tackett*, 180 F.3d at 1098 (if claimant's impairment meets or equals a listed impairment, then "the claimant is 'disabled' and therefore entitled to . . . benefits").

## CONCLUSION

Here, no further proceedings are necessary. The record contains substantial evidence that plaintiff's mental impairment

7 - OPINION AND ORDER -

meets the requirements of listing 12.05C, and he therefore is disabled. Accordingly, the Commissioner's decision is REVERSED, and this case is REMANDED for payment of benefits.

IT IS SO ORDERED.

DATED this 30^t day of October, 2013.

*signature*

Thomas M. Coffin
United States District Judge